Commonwealth of Pennsylvania *v.* Universal Carloading and Distributing Co., Inc., Appellant.

Argued February 1, 1977, before President Judge Bowman and Judges Crumlish, Jr., Kramer, Wilkinson, Jr., Mencer, Rogers and Blatt.

*Burton H. Snyder,* with him *McNees, Wallace & Nurick,* for appellant.

*Joseph F. Lynch,* Deputy Attorney General, with him *Donald J. Murphy,* Deputy Attorney General, for appellee.

Opinion by President Judge Bowman, April 14, 1977:

This is an appeal from an order of the Board of Finance and Revenue which refused a petition for

review by Universal Carloading and Distributing Co., Inc. (appellant) with respect to its foreign franchise tax[1] for 1969. The facts have been stipulated and are as follows.

Appellant is a Delaware corporation with its principal office in New York, and it has had, since 1933, a certificate of authority to do business in Pennsylvania. Appellant operates as a freight forwarder of commodities generally in interstate commerce between all points in the United States and is subject to regulation by the Interstate Commerce Commission. Appellant owns no trucks, tractors or trailers in Pennsylvania and does not itself transport freight. Appellant does contract with railroads and trucking companies to transport freight in carload or truckload lots and specializes in transportation of small shipments. Appellant derives income from the spread between the carload or truckload charges which appellant pays and the higher rates paid to appellant by its customers for the transportation of their less-than-carload shipments. All freight handled by appellant in Pennsylvania either originates or terminates in the Commonwealth but never does both; that

---

[1] This tax was imposed by Section 21(b) of the Act of June 1, 1889 (Act), P.L. 420, *as amended, formerly* at 72 P.S. §1871(b). Prior to 1935, this section imposed a capital stock tax (which was a property tax) on both foreign and domestic businesses. This was found to discriminate in favor of foreign businesses. Consequently, the amendatory Act of May 16, 1935, P.L. 184, abandoned the capital stock tax as to foreign businesses and imposed a franchise tax in its place. *See Commonwealth v. Columbia Gas and Elec. Corp.*, 336 Pa. 209, 8 A.2d 404 (1939). Although fundamentally changing the nature of the tax, the legislature continued to use capital stock value, as altered by a complicated apportionment formula, as a *measure* of the value of the franchise being taxed. Section 21(b) of the Act was repealed and a similar tax imposed by Sections 605 and 602(b), respectively, of the Tax Reform Code of 1971, Act of March 4, 1971, P.L. 6, *as amended*, 72 P.S. §§7605, 7602(b).

is, appellant is engaged exclusively in interstate commerce.[2]  Appellant leases four freight stations in Philadelphia, Pittsburgh, Wilkes-Barre and York and owns forklift trucks and office equipment which are used in Pennsylvania.  Appellant has 106 employees in Pennsylvania, including freight handlers, clerical workers and managers, some of whom solicit orders and collect monies in connection with the shipments.

Prior to 1969, appellant had never filed a foreign franchise tax return and did so for that year under compulsion from the Bureau of Corporation Taxes.[3]  Appellant's sole contention here is that this tax, as applied to it, is a tax on the privilege of engaging in interstate commerce and, therefore, violates the Commerce Clause of the United States Constitution,[4] which grants exclusive power to regulate interstate commerce to the Federal government.

This case is indistinguishable from and controlled by *Complete Auto Transit, Inc. v. Brady*, 45 U.S.L.W. 4259 (U.S. March 7, 1977), which was handed down subsequent to the filing of briefs and oral argument in this case.  In *Complete Auto Transit, supra*, the United States Supreme Court unanimously held that a Mississippi tax on the privilege of doing business in the state did not violate the Commerce Clause when applied to the appellant's interstate activity (transportation of motor vehicles by truck), which had a substantial nexus with the taxing state, where such tax was fairly apportioned, did not discriminate

---

[2] Although the parties have not stipulated that appellant is engaged exclusively in interstate commerce, the Commonwealth has not seriously contended to the contrary and we will assume this state of facts for the purposes of this case.

[3] Appellant has, however, always filed and had settled its corporation income tax returns.

[4] U.S. Const. art. I, §8, cl. 3.

against interstate commerce and was fairly related to services provided by the state.

Although the Pennsylvania foreign franchise tax, as it existed in 1969, did not, like that in *Complete Auto Transit, supra,* specifically purport to tax the privilege of doing business in the Commonwealth, it has been repeatedly and unequivocally so construed by the Pennsylvania Supreme Court. *Commonwealth v. Kirby Estates, Inc.,* 432 Pa. 103, 246 A.2d 120 (1968); *Commonwealth v. National Biscuit Co.,* 390 Pa. 642, 136 A.2d 821 (1957), *appeal dismissed,* 357 U.S. 571 (1958); *Commonwealth v. Quaker Oats Co.,* 350 Pa. 253, 38 A.2d 325 (1944); *Commonwealth v. Columbia Gas and Electric Corp., supra* note 1. Further, the present appellant, like the appellant in *Complete Auto Transit, supra,* has not raised the issues of nexus, apportionment, or discrimination against interstate commerce. Finally, it is indisputable that the appellant, in the conduct of its business, does benefit from services provided by the Commonwealth, and it has not challenged the tax as not fairly related to those services.[5]

In *Complete Auto Transit, supra,* the United States Supreme Court specifically overruled *Spector Motor Service, Inc. v. O'Connor,* 340 U.S. 602 (1951), a case which had held precisely to the contrary on identical facts, and a case which had been reaffirmed, in letter if not in spirit, as recently as 1975. *Colonial Pipeline Co. v. Traigle,* 421 U.S. 100 (1975). The appellant had, justifiably, placed primary reliance on *Spector, supra,* and its demise necessarily deals a fatal blow to appellant's hope of prevailing here.

A complete analysis of the issue in this case and of the prior case law is contained in *Complete Auto*

---

[5] Nor has appellant attacked the *amount* of the tax liability as settled by the Department of Revenue.

*Transit, supra,* and no purpose would be served by a similar dissertation of our own. Based on *Complete Auto Transit,* and its specific overruling of *Spector, supra,* the order of the Board of Finance and Revenue must be affirmed.

ORDER

Now, April 14, 1977, the decision of the Board of Finance and Revenue in refusing appellant's petition for review is hereby affirmed. Unless exceptions are filed within thirty (30) days hereof, the Chief Clerk is hereby directed to enter judgment in favor of the Commonwealth and against the appellant in the amount of $2,436.43 and mark the same satisfied, said amount having previously been paid by appellant.